```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
NORBERTO GIORDANENGO,                                            :
                                                                 :      Civil Action No.
                                   Plaintiff,                    :
                                                                 :
              -against-                                          :      **COMPLAINT**
                                                                 :
                                                                 :      (Plaintiff Demands
                                                                 :       A Jury Trial)
1621 RESTAURANT INC., d/b/a ELIO'S                               :
LUIS CUZCO and GIOVANNI BERTAGNOLI,                              :
Individually,                                                    :
                                                                 :
                                   Defendants.                   :
-----------------------------------------------------------------X
```

PLAINTIFF, Noberto Giordanengo ("hereinafter "Plaintiff" or "Plaintiff Giordanengo"), as and for his Complaint (the "Complaint") against 1621 Restaurant Inc., d/b/a Elio's, Luis Cuzco and Giovanni Bertagnoli, sets forth and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action, involves federal questions, because the causes of action asserted herein arise in part under the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 200e et. Seq. ("Title VII").  This Court has jurisdiction over the related state law claims herein asserted pursuant to 28 U.S.C. §1367, *Gibb*, 38 U.S. 715 (1966), the human rights laws of the State of New York and the City of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, and retaliated

1

against by Plaintiff's former employer on the basis of gender and national origin, in accordance with the applicable principles of pendant jurisdiction.

2. Plaintiff further complains pursuant to the laws of the State of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and conductively and actually discharged by Plaintiff's former employer on the basis of gender and race.

3. Venue properly lies in the Southern District in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of property that is subject of the action is situated in accordance with 28 U.S. Code §1391 (b)(2).

## JURY DEMAND

4. Plaintiff demands a trial by jury.

## PARTIES

5. Plaintiff Noberto Giordanengo is an Italian male who is a resident of Queens County, New York.

6. At all times material, Defendant, 1621 Restaurant INC. (hereinafter referred to as "ELIOS" or "Defendant Elio's") is a domestic business corporation, incorporated in the State of New York with their headquarters located at 1621, Second Avenue, New York, NY, 10028.

7. At all times material, Luis Cuzco (hereinafter referred to as "Luis") was and is a Supervisor and the Head Chef of Defendant Elio's.

8. At all times material Luis had direct supervisory authority over Plaintiff with regard to his employment, which included but was not limited to the ability to hire and fire, recommend employees for employment and termination, along with other

tangible employment actions.

9. At all times material, Defendant Cuzco discriminated and retaliated against the Plaintiff on the basis of his nationality and gender/perceived orientation.

10. At all times material, Defendant's Manager Giovanni Bertagnoli (hereinafter "Giovanni") was and is one of the lead Supervisors/Managers and also has the power to hire and fire along with all other forms of direct supervisory authority over the Plaintiff and all others similarly situated. Defendant Bertagnoli discriminated and retaliated against the Plaintiff on the basis of national origin and gender/perceived orientation which culminated in Plaintiff's unlawful termination.

## FACTS

11. Defendant Elio's hired the Plaintiff on or about May 1, 2022, as a full-time employee as a server/waiter.

12. In or around August May 1st, 2022, the very same day that Defendant hired the Plaintiff, a server named Ramon told the Plaintiff: **"Be very careful with the Head Chef (Luis), he hates Italians and got so many fired over the years."**

13. Plaintiff was immediately shocked by Ramon's statement and did not know how to react or respond.

14. Upon information and belief, there were approximately 25-28 Hispanic employees and in or around 4 employees of Italian nationality.

15. On or about May 2, 2022, the very next day, while in the kitchen, the kitchen staff member Celestino told the Plaintiff in Spanish: **"Eres Pajaro?"** which upon information and belief means **"Are you a faggot?"** Staff also referred to the

3

Plaintiff as a **"maricon,"** which is also Spanish slang for **"faggot."**

16. Celestino further stated to the Plaintiff: **"Eres mujer o eres hombre?"** which upon information and belief means, **"Are you a man or a woman?"**

17. These comments were made in front of the whole kitchen staff including Plaintiff's Supervisor, Luis.

18. Throughout May of 2022, the kitchen staff hurled a number of hurtful and discriminatory remarks at the Plaintiff regarding his gender. Furthermore, the Plaintiff was physically groped by a kitchen staff member right in front of Defendant's Supervisors Luis and Giovanni. When Plaintiff addressed the groping with his supervisors, they did nothing to prevent the unlawful environment and left Plaintiff to fend for himself.

19. Less than a month on the job, Defendant's unlawful conduct and comments caused the Plaintiff to suffer from extreme emotional distress.

20. The Plaintiff's emotional distress grew substantially on account of daily sexual harassment and discriminatory remarks leveled by the kitchen staff directly to the Plaintiff.

21. The main problem was that many of the unlawful remarks and conduct came from the management; or would happen in the presence of management. As a result, Plaintiff had no outlet to file complaints to a neutral party.

22. Upon information and belief, Defendant Elio's did not provide Plaintiff nor any other employee with an employee handbook or any training on sexual harassment and discrimination; even though the law provides that Defendant Elio's should have had a training and complaint process in place.

23. Defendants often scheduled the Plaintiff to begin work at or around 3:00 P.M. From in or around 3:00 P.M. to 5:00 P.M., the staff would begin prepping for the dinner crowd.

24. During these two hours, most of the unlawful conduct took place, as the management and staff continued to unlawfully ridicule the Plaintiff.

25. For example, on or about June 4, 2022, one of the cooks deliberately touched the Plaintiff in a sexual way while walking behind him, leaving the Plaintiff in complete shock.

26. This act was done right in front of the Head Chef Supervisor, Luis.

27. Defendant's Supervisor Luis did not care about the Plaintiff getting sexually harassed. In fact, Luis would refuse to call the Plaintiff by his real name and instead chose to specifically refer to Plaintiff as **"That Italian."**

28. It became so frustrating to the Plaintiff, that on or about June 11th 2022, Plaintiff told Defendant's Supervisor Luis that his name was "Norberto" and that being referred to as "That Italian" was offensive.

29. This of course angered the Defendant's Supervisor Luis.

30. Going forward, Defendant's Supervisor Luis launched a retaliatory campaign against the Plaintiff which was condoned and/or deliberately ignored by Manager Giovanni. The retaliatory acts included but were not limited to increasing Plaintiff's work duties without increasing Plaintiff's rate of pay. Moreover, in an attempt to take adverse actions against the Plaintiff, Luis constantly accused the Plaintiff of not performing other duties despite the fact that those duties were never previous assigned to the Plaintiff.

31. When Plaintiff advised Defendant's Supervisor Luis that he never had these additional responsibilities prior to when Plaintiff complained, it only made Luis even angrier.

32. In addition to increasing the Plaintiff's workload, the jokes and sexual harassment turned into a routine. When the busboys noticed how management treated the Plaintiff, rather than protest the behavior, they joined in on the concert of unlawful comments and conduct. In turn, this created what can only be described as a severe and/or pervasive hostile work environment.

33. In or around late June 2022, Defendant's employees Fernando and Jorge started calling the Plaintiff a **"faggot."**

34. On or about July 2, 2022, Fernando grabbed the Plaintiff's buttocks with absolutely no shame.

35. Unfortunately, the above unlawful act was not a one-time occurrence. It soon became a regular occurrence which was observed in plain sight by Defendant's Management, who did nothing to prevent the harassment by Plaintiff's co-workers.

36. On or about July 9th, 2022, as a result of the ongoing harassment and hostile environment, Plaintiff asked another server whether he could work in the dining room so that the Plaintiff did not have to be around the kitchen staff.

37. However, Defendant's Manager Giovanni, who was fully aware of the discriminatory and hostile environment, instructed the Plaintiff to stop working in the dining room and go back to the kitchen.

38. In the kitchen, there was a process for prepping and "running" the food, which simply meant that the dish was ready to be delivered to a table. During this time,

Plaintiff worked under Defendant's Supervisor Luis' supervision. It was Luis' job to lead the food run and direct the staff. However, Luis spent his time yelling at the Plaintiff and falsely accusing the Plaintiff of taking the wrong dishes.

39. Whenever the Plaintiff would turn away or assist with a food order, Defendant's Supervisor Luis would insult the Plaintiff and call him the **"Italiano de mierda" meaning, "Fucking Italian."**

40. Throughout this time and in the months that followed, Defendant's Supervisor Luis made it a habit of hurling discriminatory slurs at the Plaintiff based on his national origin and perceived orientation.

41. Throughout August and September, the situation remained the same. Every day would be a repetition of the previous one, with Defendant's Supervisor Luis and other staff calling the Plaintiff a **"faggot."**

42. Every time the kitchen staff would harass and/or discriminate against the Plaintiff Defendant's Supervisor Luis would laugh at the Plaintiff in the presence of all staff members, thus contributing to a hostile work environment.

43. On several occasions, well into October of 2022, the Plaintiff was so distressed that he attempted to speak to the staff and asked them to not inappropriately touch him or hurl discriminatory slurs. However, the staff did not listen and Defendant's Management did nothing to stop them, instead, Defendant's Management encouraged the unlawful behavior.

44. On or about November 13, 2022, at or around 8:30 P.M., Defendant's Manager Giovanni approached the Plaintiff and asked him if he "could help him with something downstairs."

45. Plaintiff immediately obliged and followed Defendant's Manager Giovanni to the basement. As soon as they reached the basement, Defendant's Manager Giovanni looked at the Plaintiff and said: **"I'm going to let you go, this is your last day. The Head Chef (Luis) spoke with me and said he doesn't like you, doesn't get along with you, and said doesn't want to work with you."**

46. Immediately thereafter, the Defendant replaced Plaintiff with a less qualified Hispanic employee that was recommended by Defendant's Supervisor, Luis.

47. The Defendant permitted and encouraged the discriminatory and hostile environment against the Plaintiff due to his nationality and perceived orientation, effectively causing willful harm and loss to the Plaintiff by having him removed from his position.

48. The Defendant did not have any training program or complaint process in place for addressing, investigating and/or preventing the above unlawful comments and conduct.

49. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails.

52. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff further suffers from panic attacks and often cannot sleep at night on account of Defendants' discriminatory and retaliatory conduct.

54. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

55. The above allegations and facts are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Title VII states in relevant part as follows:
    a. Employer practices:
    b. It shall be an unlawful employment practice for an employer:

        i. to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

58. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

59. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein on account of Plaintiff's national origin and gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

62. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER STATE LAW

63. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice:
    i. "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

65. Plaintiff hereby make a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION FOR<br>
DISCRIMINATION UNDER STATE LAW<br>
<u>(As Against Individual Defendants)</u>**

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

    a. "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**AS FOR A FIFTH CAUSE OF ACTION<br>
FOR DISCRIMINATION<br>
UNDER STATE LAW<br>
<u>(As Against All Defendants)</u>**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

    a. For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

71. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff s opposition to the

unlawful employment practices of Plaintiff s employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not Against Individual Defendants)

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not Against Individual Defendants)

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice: "For an employer… to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

77. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of Plaintiffs opposition to the unlawful employment practices of Plaintiffs employer.

### AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against Individual Defendants)

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

80. Defendants violated the section cited herein as set forth.

### AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against Individual Defendants)

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or

coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
<u>(Not Against Individual Defendants)</u>**

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or

agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

86. Defendants violated the section cited herein as set forth.

## RELIEF DEMANDED

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

(a) a declaration that Defendants violated Plaintiff's federal and state civil rights;

(d) compensatory damages for the injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial in an amount to be determined at trial;

(c) punitive damages against the individual Defendants assessed to deter such intentional and reckless deviations from well-settled constitutional standards, to the extent allowable by law;

(d) damages for emotional distress, lost wages, back pay, front pay, statutory damages, medical expenses, interest;

(d) reasonable attorneys' fees and costs pursuant to all federal, state, city and all other applicable laws; and

(e) such other and further relief as appears just and proper.

Dated: New York, NY
       June 5, 2023

                                          **L & D LAW P.C.**

                                          _____/s/_____
                                          Paul Liggieri, Esq.
                                          11 Broadway, Suite 615
                                          New York, NY 10004
                                          (212) 374-9786
                                          *Attorneys for Plaintiff*